People v Garcia-Gonzalez (2020 NY Slip Op 51222(U))

[*1]

People v Garcia-Gonzalez (Jose)

2020 NY Slip Op 51222(U) [69 Misc 3d 133(A)]

Decided on October 9, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 9, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2016-2650 RI CR

The People of the State of New York,
Respondent, 
against
Jose Isabel Garcia-Gonzalez, Appellant. 

Appellate Advocates (Hannah Zhao of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Orlando Marrazzo, Jr., J.), entered October 9, 2016. The judgment convicted defendant, upon
his plea of guilty, of driving while ability impaired. Assigned counsel has submitted a brief in
accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as
counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave
to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the
County Law to prosecute the appeal;
Alan Ross, Esq.
P.O. Box 731
New York, NY 10007.
Relieved counsel is directed to turn over all papers in his possession to the newly assigned
counsel. New counsel is directed to serve and file a brief within 90 days after the date of this
order and decision. The People may serve and file a respondent's brief within 21 days after the
service upon them of the appellant's brief. Appellant's new counsel, if so advised, may [*2]serve and file a reply brief within seven days after service of the
respondent's brief.
Assigned counsel submitted an Anders brief setting forth the conclusion that there
exist no nonfrivolous issues that could be raised on appeal (see Anders v California, 386
US 738 [1967]). A review of the record, however, reveals at least two nonfrivolous issues, i.e.,
whether, during defendant's plea allocution, the court explained his Boykin rights,
and presented Peque warnings, sufficient to render the plea knowing, intelligent and
voluntary, and whether defendant was sentenced in conformity with CPL 380.20.
Accordingly, we hold the appeal in abeyance, grant assigned counsel's application for leave
to withdraw as counsel and assign new counsel to ascertain whether defendant desires to raise the
issues set forth above, and to prosecute the appeal on defendant's behalf with respect to these
issues or any other issue that can be identified.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 9, 2020